# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CASE NO 1:19CR00037-00** |
| | ) | |
| **RHONDA ANN BEACH, et al** | ) | |
| | ) | |
| **Defendant.** | ) | |

### SENTENCING MEMORANDUM

     **COMES NOW** the defendant, Rhonda Ann Beach, by counsel, and respectfully submits the following Sentencing Memorandum, stating as follows:

     On October 18, 2019, Rhonda Ann Beach pled guilty to Counts Three of a three count Indictment, in violation of 18 U.S.C. § 1001.  The Court, in attempting to determine the appropriate sentence in this matter, is guided by the factors enumerated in 18 U.S.C. § 3553(a)(2) and must impose a sentence no greater than that sufficient to reflect the serious of the offense, promote respect for the law, provide just punishment for the offense; afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant and provide the defendant with education, vocational training, medical care or other correctional treatment in the most effective manner.  U.S. v. Gall, 128 S.Ct. 586 (2007).

     Departures or variances from the guidelines range in the sentence must be based upon an "individualized assessment based on the particular facts of the case before it." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009).  This should be occasioned by the Court whether the departure is above, below or within the Guidelines range. Additionally, the Court should consider the person before it as an individual as every case

1

is a "unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." Koon v. United States, 518 U.S. 81, 113 (1996). The Sentencing Guidelines are advisory only. See United States v. Booker, 543 U.S. 220 (2005). The Supreme Court in U.S. v. Gall, 128 S.Ct. 586, rejected mindless uniformity and explicitly recognized that a "deferential abuse-of-discretion standard could successfully balance the need to reduce unjustifiable disparities across the Nation and consider every convicted person as an individual." Id. at 598 n.8. Moreover, simply by "correctly calculat[ing] and review[ing] the guideline range," a judge "necessarily [gives] significant weight and consideration to the need to avoid unwarranted disparities." Id. at 599. The Courts serve a critical function in the continued promulgation and modification of the Sentencing Guidelines. In Rita v. United States, 127 S. Ct. 2456 (2007), Justice Breyer described the intended evolution of the Guidelines, saying that the Commission's work is "ongoing," that it "will" collect statements of reasons when district courts impose non-guideline sentences, that it "may" obtain advice from prosecutors, defenders, law enforcement groups, civil liberties associations, experts in penology, and others, and that it "can revise the Guidelines accordingly." This ideal set forth by Justice Breyer can only be realized if district courts disagree with the guidelines when warranted by policy considerations, and communicate those disagreements to the Sentencing Commission though their sentencing decisions.

## 18 U.S.C. § 3553(a) and the Individualized Assessment of Ms. Beach

Rhonda Ann Beach is 52 year old who has suffered from Muscular Dystrophy since age 15. The condition is permanent and progressive and she has become wheelchair bound following five hip replacement surgeries. She is on a very elaborate medication regimen to manage her pain from the disease. She suffers from anxiety and depression and is being treated for the same. She lives with her elderly mother Leanna Beach in

Lebanon, Virginia.  Ms. Beach is twice divorced from which she had a daughter, Desari Marie Schossig, the co-defendant in the instant matter and another daughter, Michelle Crescenzo, who lives in Virginia Beach.

Ms. Beach has, historically, been a law-abiding citizen.  She is before this Court on her first criminal charge.  She has fully accepted responsibility for the charges, expressed contrition regarding her actions and cooperated with the Government in prosecuting the matter.  See attached Exhibit.  She has entered into a plea agreement in a timely fashion, thus preventing the Government from having to expend additional resources.

Ms. Beach acknowledges that she made a poor judgment in failing to inform the investigators of her involvement in assisting the telephonic communications between her daughter and the target of the search, Brandon Whitt.  She was motivated by her desire to protect her daughter from being charged and the emotional harm she feared she would be subjected to from Whitt going to prison.  In retrospect, she is of the position that she and her daughter would have been better served to have simply told the investigators what they knew and cease communication with Whitt.  She deeply regrets the poor decision and the criminal conviction she will forever wear as a result.

Ms. Beach is in agreement with the findings of the presentence investigation report and would request the Court to allow her to be sentenced to a term of probation.  Given the lack of her criminal history, she is a Category I offender and the Guideline range would fall within Zone A, even assuming the Court were to sustain the Government's objection to the presentence report and find that Ms. Beach's subsequent telephone calls were warning signals to her daughter in an attempt to obstruct justice and should be considered relevant conduct for a two level upward enhancement.  Ms. Beach will be a model probationer and is well suited to succeed on the same.  A review of the §3553 sentencing factors the Court is required to consider would weigh in favor of the imposition of a

sentence of probation.  It is clear that Ms. Beach has been a law-abiding citizen for more

than 30 years of her adult life.  She poses little to no risk of committing future crimes and

the criminal exposure she has already suffered has been sufficient to promote a healthy

respect for the law and to deter any future similar acts.  These goals can be accomplished

through the service of a term of probation without placing the significant burden and cost

of a term of incarceration upon the public coiffures.

RHONDA ANN BEACH<br>
- BY COUNSEL -

**/s/**

**JEFFREY L. CAMPBELL**
**Virginia Bar Number: 45247**
**CAMPBELL LAW FIRM, P.C.**
**709 N. Main Street**
**Post Office Box 986**
**Marion, Virginia 24354**
**Telephone No.: (276) 783-8197**
**Facsimile No.: (276) 783-8198**
**E-mail: jeff@campbelllawfirmva.com**

**CERTIFICATE OF SERVICE**

I, Jeffrey L. Campbell, Counsel for Defendant, Rhonda Ann Beach, do hereby

certify that I electronically filed the Defendant's Sentencing Memorandum with the Clerk

of the Court using the CM/ECF system which will send notification of such filing to

Cagle Juhan, Assistant United States Attorney for the Western District of Virginia, by

electronic mailing to USAVAW.ECFAbingdon@usdoj.gov and to all other counsel of

record, on this the ___ day of January, 2020.

**/s/**

**JEFFREY L. CAMPBELL**
**Virginia Bar Number: 45247**
**CAMPBELL LAW FIRM, P.C.**
**709 N. Main Street**
**Post Office Box 986**
**Marion, Virginia 24354**
**Telephone No.: (276) 7783-8197**
**Facsimile No.: (276) 783-8198**
**E-mail: jeff@campbelllawfirmva.com**

Rhonda Beach Statement of Acceptance of Responsibility

I would like to take this time to apologize to the court system and also to Mr.
Marcus Ball, I take full responsibility for my actions I am very sorry that I did not
mention to Mr. Ball about the phone call I did honestly and truly forget but take
responsibility for it and I am very sorry that I inconvenienced this court system and
also Mr. Ball I pray that you will accept my apology and I'm very sorry for being so
irresponsible and foolish thank you very much sincerely yours Rhonda beach